USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1356 ORKIN EXTERMINATING COMPANY, INC. D/B/A ORKIN LAWN CARE, Plaintiff, Appellant, v. ARTHUR WALTER RATHJE, III, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy J. Gertner, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Richard P. Decker, with whom David H. Woodham, Decker & Hallman, _________________ _________________ _________________ and James E. Riley, Jr., Of Counsel, were on brief for Orkin ______________________ Exterminating Company, Inc. Philip A. Tracy, Jr., with whom Paul T. Prew and DiMento & _______________________ _____________ _________ Sullivan, were on brief for appellee. ________ ____________________ December 20, 1995 ____________________ BOWNES, Senior Circuit Judge. Plaintiff-appellant, BOWNES, Senior Circuit Judge. ____________________ Orkin Exterminating Company, Inc. ("Orkin") operates a nationwide chemical application lawn care business. Defendant-appellee, Arthur Walter Rathje, III, was the manager of the Hingham, Massachusetts, branch office from May, 1987, until his resignation on April 9, 1993. In the winter of 1992, defendant's wife created a business entity called "Nature's Way," later changed to "Global Green" (collectively - Global). Global was in the chemical application lawn care business and operated in the same area as did Orkin's Hingham branch. On August 3, 1993, Orkin sued defendant, Arthur Rathje, and his wife, Karen, on the following grounds: (1) defendant, Arthur Rathje, while an employee of Orkin breached his fiduciary duty to Orkin by working for Global as a management employee; (2) defendant Arthur Rathje engaged in unfair trade practices while an employee of Orkin in violation of Mass. Gen. Laws Ann. ch. 93A 3 (West 1984); (3) defendant, Arthur Rathje, converted property owned by Orkin; (4) Karen Rathje tortiously interfered with the business relationship between defendant, Arthur Rathje, and Orkin; and (5) Karen Rathje converted property owned by Orkin. The case was tried to a jury and all claims were submitted to the jury. It found in favor of Karen Rathje on -2- 2 all claims against her. No appeal has been taken from these verdicts. The jury found for defendant, Arthur Rathje, on the conversion claim. No appeal has been taken from this verdict. The jury could not agree on the breach of fiduciary duty claim, nor on the claim brought under Mass. Gen. Laws Ann. ch. 93A. Both claims had been submitted to the jury on an advisory basis. With the acquiescence of counsel, the district court decided these two claims. It is from the findings and rulings of the district court on these claims that Orkin appeals. Breach of Fiduciary Duty Breach of Fiduciary Duty ________________________ Under Massachusetts law, "[e]mployees occupying positions of trust and confidence owe a duty of loyalty to their employer and must protect the interests of the employer." Chelsea Indus., Inc. v. Gaffney, 389 Mass. 1, 11 _______________________________ (1983). It follows that "an executive employee is 'barred from actively competing with his employer during the tenure of his employment, even in the absence of an express covenant so providing.'" Id. at 11-12 (citations omitted). ___ Under Massachusetts law there are two remedies available to an employer for breach of fiduciary duty by an employee. If the conduct caused a loss to the employer, it can recover as damages the amount of such loss. Augat, Inc. ___________ -3- 3 v. Aegis, Inc., 409 Mass. 165, 175 (1991); Meehan v. ________________ __________ Shaughnessy; Cohen, 404 Mass. 419, 436 n.14 (1989). __________________ The second remedy is forfeiture of compensation by the employee during the period of breach of fiduciary duty. An employee "can be required to forfeit the right of compensation even absent a showing of actual injury to the employer." Chelsea Indus., Inc. v. Gaffney, 389 Mass. at 12- _______________________________ 13. We discuss the district court's findings and rulings seriatim. ________ We agree with the district court's conclusion that defendant breached his fiduciary duty of loyalty to Orkin by helping his wife operate a lawn care business in competition with the Orkin branch office which he managed. There is no need to restate the factual findings leading to this conclusion. They are set forth clearly and explicitly in the district court opinion and we adopt them. The district court further found that Orkin had not proven that defendant's conduct, reprehensible as it may have been, caused any damage to Orkin. It held that Orkin did not prove a causal connection between defendant's conduct and its claim that the branch office defendant managed became worthless. We have reviewed the trial record carefully and can find no basis for setting the conclusion aside as clearly erroneous. -4- 4 Plaintiff's expert testified that the branch office was worth a minimum of $106,000 in 1990 and in 1993 had no value at all. Two of the factors he considered were material and equipment that disappeared from the branch office during defendant's tenure as manager. This was the basis of plaintiff's conversion count. But the jury found for defendant on the conversion claim and that verdict has not been appealed. The missing equipment, materials, and supplies, if such there was, cannot be attributed to defendant. And as the district court pointed out, there was persuasive evidence that during the period defendant was wearing two hats, the branch office prospered. During this time, business expanded and profits increased. Defendant received two bonuses during the implicated period - April 1992 - April 1993. None of defendant's superiors complained about his work; in fact, his managerial talents were lauded. And it must be noted that defendant resigned voluntarily; there is no evidence that he was pressured into doing so. Defendant may have breached his fiduciary duty to Orkin, but there is evidence in plentitude from which it could be found that such breach caused no harm to Orkin. We next address the district court's finding that Orkin could not recover the compensation paid defendant during the period he breached his fiduciary duty - April 1, 1992 to April 9, 1993. There is no dispute about the period -5- 5 of time during which the breach of fiduciary duty took place. The court found: "[T]he value of his [defendant's] work was equivalent to his salary notwithstanding what he was doing for his wife's small business. Therefore, Mr. Rathje satisfied his burden of showing that the value of the work he performed for Orkin equalled the compensation he received during the period he breached his duty of loyalty." We turn to the applicable Massachusetts law. In Chelsea Indus., Inc. v. Gaffney, the court held that "unless ________________________________ defendants proved the value of their services, the plaintiff was entitled to recover their entire compensation." 289 Mass. at 14. The court then went on to note that, although given the opportunity to do so, defendants had failed to present evidence as to the fair value of their services. Id. ___ at 15. In Meehan v. Shaughnessy, the court held that a ______________________ fiduciary may be required to repay only that portion of his compensation that exceeded the worth of his services to his employer. 404 Mass. at 441. Clearly, under Massachusetts law the employee must prove the value of his/her services during the breach period. We hesitate to set aside the factual finding of the district court that defendant "satisfied his burden of showing that the value of the work he performed for Orkin equalled the compensation he received during the period he breached his duty of loyalty." But we are persuaded that the -6- 6 finding is clearly erroneous for two related reasons. First, there was no explicit evidence as to the fair value of defendant's services during the period of breached loyalty as would seem to be required under Massachusetts law. This standing alone, however, would not render the finding clearly erroneous. There was evidence which, in the ordinary case, would suffice to sustain the district court's finding despite the lack of explicit evidence by defendant that the salary paid to him during the period equalled the fair value of the services performed. This, however, is not the ordinary case. Because of the court's finding that defendant's energies were diverted away from his responsibilities to Orkin, and given the burden on him to prove the value of his services, the court's finding that he was worth everything Orkin paid him is very hard to credit. It could be argued that Orkin set up fairly precise standards for measuring the job performance of an employee in defendant's position and that defendant satisfied them. There may be certain jobs where it is possible to measure an employee's performance so accurately that evidence of the employer's positive evaluation would sustain a finding that the amount paid the employee would equal the fair value of his services. But this is not such a case. -7- 7 In this case, such a measurement was not possible. As a branch office manager, defendant not only operated with relatively little direct monitoring, but also contributed to the criteria used to judge his performance. In a "1st quarter review letter" authored by defendant, dated March 27, 1993, which was within the breached-loyalty period, he stated, in effect, that he was ahead of Orkin's goal for customer confirmations and its profit/loss target. The evidence establishes that defendant helped formulate his own branch office goals.  We think it was error for the district court to place the emphasis it did on the bonuses paid defendant by Orkin and the positive evaluation he received because they were based on Orkin's mistaken belief that defendant was putting his undiluted efforts into its business. Had defendant not deceived his employer, it is clear that its perception of his value to the company would have been altered. We therefore hold that it was clearly erroneous for the district court to find that the fair value of defendant's services to Orkin was unimpaired. The court failed to give proper weight to its own finding, solidly supported in the record, that defendant diverted an appreciable amount of his time and energy from Orkin's business to a competing business owned and operated by him and his wife. And the court apparently failed to factor into its finding the heavy burden -8- 8 on defendant to prove that his work was worth the full amount paid him by Orkin. We recognize that the evidence credited by the district court indicates that defendant's services were worth something to Orkin. But under our reading of the record and our understanding of Massachusetts law, this must be less than the full amount paid. A remand is, therefore, necessary. Although the court's calculation will necessarily be imprecise, it is well within the capability of the trial judge to make. We will, of course, give substantial deference to a reasonable finding by the court. The district court also committed clear error in another respect. It found in footnote six of its opinion that "Orkin submitted no evidence reflecting the compensation paid Mr. Rathje during the relevant period." The relevant period was from April 1, 1992 to April 9, 1993. In fact, Exhibit T shows that defendant was paid $45,000, including bonuses, from January 1, 1992 to December 31, 1992, and $13,905.29 for the period January 1, 1993 to April 9, 1993. Although this does not cover the relevant period precisely, it is sufficiently complete so that the amount of compensation paid during the relevant period can be prorated and accurately determined.  The 93A Claim The 93A Claim _____________ -9- 9 Chapter 93A 11 of Mass. Gen. Laws Ann. (West 1984) provides: Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment or by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two ... may ... bring an action in the superior court ... for damages and equitable relief... The district court held that because Orkin failed to prove a causal connection between defendant's conduct and harm, if any, to Orkin, there was no 93A violation. We agree. As already pointed out, there was evidence from which it could reasonably be found that the Orkin branch, operated by defendant during the time he aided and abetted his wife in competition with Orkin, prospered. See supra. It is beyond ___ _____ peradventure that "there must be a causal connection between seller's deception and the buyer's loss." Kohl v. Silver _______________ Lake Motors, Inc., 369 Mass. 795, 800-01 (1976); Shepard's __________________ _________ Pharmacy v. Stop & Shop Companies, Inc., 37 Mass. App. Ct. _________________________________________ 516, 522 (1994); PDM Mechanical Contractors, Inc. v. Suffolk ____________________________________________ Constr. Co., Inc., 35 Mass. App. Ct. 228, 237 (1993).  _________________ Affirmed in part. Remanded for the district court Affirmed in part. Remanded for the district court ___________________________________________________ to determine an appropriate amount of defendant's salary for to determine an appropriate amount of defendant's salary for _____________________________________________________________ reimbursement to Orkin. reimbursement to Orkin. _______________________ No costs to either party. No costs to either party. _________________________ -10- 10